UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH ROBERTS**                                        **CIVIL ACTION**

**VERSUS**                                                 **NO. 16-2988**

**RIVER CORRECTIONAL**                                     **SECTION: "G"(1)**
**CENTER, ET AL.**

### ORDER AND REASONS

Plaintiff, Kenneth Roberts, a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued the River Correctional Center and Concordia Parish Sheriff Kenneth Hedrick. In this lawsuit, plaintiff claims that he was denied adequate medical care while incarcerated at the River Correctional Center in Ferriday, Louisiana.

Because § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973). That statute provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, no defendant is alleged to reside in the Eastern District of Louisiana, and no part of the events or omissions giving rise to plaintiff's claims are alleged to have occurred within this district. However, it appears that all of those events or omissions occurred at the River Correctional Center in Concordia Parish, which lies within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999). Because venue is not proper in the Eastern District of Louisiana but would be proper in the Western District, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

Accordingly,

**IT IS ORDERED** that the instant matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this eighteenth day of April, 2016.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**